UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN SERABIAN,
       Plaintiff,
v.

CIVIL ACTION:

SAP AMERICA, INC.,
       Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, SAP America, Inc. ("SAP") hereby gives notice of the removal of this action, which is currently pending in the Superior Court of Massachusetts in Middlesex County, to the United States District Court for the District of Massachusetts, captioned Steven Serabian v. SAP America, Inc. Civil Action No. 1681-CV-00198.  As grounds for removal, SAP avers as follows:

1.      SAP removes this case on the basis of diversity jurisdiction because there is complete diversity of citizenship among the parties to this litigation, and the amount in controversy exceeds $75,000 exclusive of interest and costs.  See 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

2.      On or about January 26, 2016, Plaintiff Steven Serabian ("Plaintiff") filed a Complaint (the "Complaint") in the Massachusetts Superior Court for Middlesex County.

3.      The Complaint purports to assert claims against SAP for (i) failure to pay wages pursuant to G.L. c. 149 section 148, (ii) breach of contract, (iii) breach of the implied covenant of good faith and fair dealing, (iv) unjust enrichment; and (v) retaliatory termination in violation of G.L. c. 149, section 148A.

## TIMELINESS OF REMOVAL

4.      On February 12, 2016, Plaintiff's counsel served a copy of the Complaint, the Civil Action Cover Sheet, and the Superior Court Tracking Order of counsel for Defendant via electronic mail.

5.      This Notice of Removal is timely in that it is filed within 30 days from the date counsel was served with a copy of the Complaint.[1]  *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period is triggered by service).

## DIVERSITY OF CITIZENSHIP

6.      Complete diversity of citizenship exists in this matter because the parties are citizen of different states.  *See* 28 U.S.C. § 1332(a).

7.      Plaintiff lives in Massachusetts.  *See* Compl. ¶ 1.  He is therefore a citizen of Massachusetts for diversity purposes.

8.      The Complaint alleges that SAP is headquartered in Newtown Square, Pennsylvania.  *See* Compl. ¶ 2.  SAP is, and at all times alleged in the Complaint was, a corporation organized under the laws of the State of Delaware with its principal place of business in Newtown Square, Pennsylvania.  *See* Declaration of Mary Beth Hanss, attached hereto as

---

[1] A summons has never been served on SAP.

**Exhibit 1**.  SAP is therefore a citizen of Delaware and Pennsylvania for diversity purposes.  <u>See</u> 28 U.S.C. § 1332(c)(1).

<u>AMOUNT IN CONTROVERSY</u>

9.      Based on the Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10.     Plaintiff's alleged claims for damages, which SAP disputes, exceed well over $75,000.  According to the Complaint, SAP owes Plaintiff for $117,869 for commissions allegedly due in November/December 2015, "as well as $796,834 in additional commissions" *See* Compl. P. 1 (Introduction).

<u>ALL PROCEDURAL PREREQUISITES TO REMOVAL<br>HAVE BEEN MET</u>

11.     Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), SAP is filing this Notice of Removal in the federal district court embracing the state court where the Complaint was filed.

12.     Pursuant to 28 U.S.C. § 1446(a), SAP attaches all process, pleadings and orders that have been filed, served or received by SAP in this action as **Exhibit 2**.  *See* 28 U.S.C. § 1446(a).

13.     Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts, as the Complaint in this action was filed in the Superior Court for the Commonwealth of Massachusetts, Middlesex County.

14.     SAP will give written notice of the filing of this Notice of Removal to all other

parties, and will file a copy of this Notice of Removal with the Clerk of the Massachusetts

Superior Court for Middlesex County, as required by 28 U.S.C. § 1446(d).

15.     In removing this action, SAP does not intend to waive any rights or defenses to

which it is otherwise entitled to under the Federal Rules of Civil Procedure.

16.     Based upon the foregoing, this Court has jurisdiction over this matter, and the

claims properly are removed to this Court.

         **WHEREFORE**, SAP respectfully requests that this action proceed in the United

States District Court for the District of Massachusetts, as an action properly removed thereto.

                                        SAP AMERICA, INC.,
                                        By its attorneys,


                                        */s/ Bronwyn L. Roberts*
                                        Bronwyn L. Roberts (BBO #638079)
                                        Jennifer L. Mikels (BBO #682199)
                                        Duane Morris LLP
                                        100 High Street, Suite 2400
                                        Boston, MA  02110
                                        (857) 488-4200 (phone)
                                        (857) 488-4201 (fax)
                                        blroberts@duanemorris.com
                                        jlmikes@duanemorris.com



DATED:  March 10, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent out to those indicated as non-registered participants on this 10th day of March, 2016.

*/s/ Bronwyn L. Roberts*
Bronwyn L. Roberts