UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN SERABIAN,<br>          Plaintiff,<br>v.<br><br>SAP AMERICA, INC.,<br>          Defendant. | CIVIL ACTION: 1:16-cv-10501-DJC |

## DEFENDANT SAP AMERICA, INC.'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant SAP America, Inc. ("Defendant" or "SAP"), pursuant to Federal Rule of Civil Procedure 56 and the Local Rules of this Court, hereby respectfully submits this Memorandum of Law in Support of its Motion for Partial Summary Judgment.[1]

SAP is entitled to summary judgment on Plaintiff and former employee Steve Serabian's ("Plaintiff") claims with respect to the entirety of Counts III (alleged breach of the implied covenant of good faith and fair dealing) and Count IV (alleged retaliatory termination in violation of G.L. c. 149, §148A) of Plaintiff's Complaint because no material facts related to those claims remain in dispute. Even being allowed full discovery, Plaintiff can offer nothing more than speculation and belief in support of these claims. Moreover, summary judgment is appropriate with respect to the portions of Count I (alleged failure to pay wages pursuant to G.L. c. 149, §148) and Count II (alleged breach of contract) that relate to 2011 compensation and a 2013 special incentive because Plaintiff cannot establish essential elements of those claims.

---

[1] SAP believes that partial summary judgment is appropriate on a significant portion of Plaintiff's claims, many of which involve facts distinct from the majority of Plaintiff's claim that involves allegations regarding 2013 incentive compensation.  SAP believes that resolution of the claims discussed herein, particularly the claims surrounding the termination of Plaintiff's employment, will significantly streamline the trial of this case.

**I.**   **<u>Counts III (Wrongful Termination) and IV (Breach Of The Implied Covenant Of Good Faith And Fair Dealing)</u>**

Plaintiff's employment at SAP ended in 2014, when he was included in a nationwide reduction-in-force. SAP is entitled to summary judgment on Plaintiff's claims for wrongful termination and breach of the implied covenant of good faith and fair dealing (Counts III and IV) because there is no evidence that Plaintiff was included in the group reduction-in-force in an effort to deprive him of his commissions (Count III), or in retaliation for Plaintiff's various communications with SAP management about his compensation throughout his tenure at SAP (Count IV), as Plaintiff alleges. SAP has produced detailed documentation establishing that Plaintiff (and others included in the RIF) were selected based solely on 2014 performance – nothing else. Plaintiff has adduced no evidence to rebut this, but instead asks the Court to allow his claims to proceed based on his uncorroborated – and erroneous – belief that his termination was related to certain requests he made about his compensation. Now that discovery has closed, this Court should not reject clear evidence in favor of mere conjecture. See <u>Oliver v. Digital Equip. Corp.</u>, 846 F.2d 103, 109-110 (1st Cir. 1988) (holding that a plaintiff's speculation and personal beliefs were not sufficient to withstand summary judgment); <u>see also</u> <u>Dodi v. Putnam Cos.</u>, No. 95-2266, 1996 U.S. Dist. LEXIS 22177 (1st Cir. August 28, 1996) (noting that plaintiff's unsubstantiated opinion that he was qualified for the position sought was not enough to create a genuine issue of material fact and avoid summary judgment). Because the undisputed facts establish that SAP's stated and documented reasons for the reduction-in-force are true, and no reasonable jury could find otherwise, summary judgment should enter on Plaintiff's claims for wrongful termination and breach of the implied covenant of good faith and fair dealing.

DM2\7989848.1

**II.     Counts I (Breach of Contract) and II (Massachusetts Wage Act, G.L. c. 149, § 148)**

Plaintiff also makes claims for alleged breach of contract (Count I) and violations of the Massachusetts Wage Act (Count II) against SAP related to alleged unpaid sales commissions between 2011-2013. SAP is entitled to summary judgment on the entirety of these claims arising from 2011 commissions because (1) Plaintiff cannot identify any contract that SAP breached in 2011, as Plaintiff's compensation agreement specifically provided for the compensation adjustment of which he complains, and (2) Plaintiff's claims for alleged violations of the Wage Act are time-barred. SAP is also entitled to summary judgment on the portion of Plaintiff's breach of contract claim relating to an unpaid 2013 special performance incentive because Plaintiff can present no admissible evidence that a valid and enforceable oral contract for SAP to pay Plaintiff this incentive was ever formed. In fact, the record shows Plaintiff was specifically *excluded* in writing from eligibility for the performance incentive. Without any valid written or oral promise from SAP to pay Plaintiff the performance incentive, Plaintiff also cannot demonstrate that the incentive was "definitely determined" or "due and payable" to him under the Wage Act. For these reasons, partial summary judgment should enter in SAP's favor on Counts I and II to the extent they arise from Plaintiff's 2011 compensation or the 2013 performance incentive.

For all of the forgoing reasons, as set forth more fully in the attached memorandum of law, SAP respectfully requests that the Court grant its Motion for Partial Summary Judgment.

DM2\7989848.1

Respectfully submitted,

SAP America, Inc.
By its attorneys,


/s/ Bronwyn L. Roberts
Bronwyn L. Roberts (BBO# 638079)
Lauren A. Appel (BBO# 689084)
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110
Telephone:  857.488.4200
blroberts@duanemorris.com
laappel@duanemorris.com


Dated:  July 11, 2017


## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Plaintiff via telephone on July 10, 2017 in a good faith attempt to resolve or narrow the issues presented in this Motion.  The parties were unable to reach agreement on these issues.

/s/ Bronwyn L. Roberts
Bronwyn L. Roberts


## CERTIFICATE OF SERVICE

I hereby certify that this document filed on July 11, 2017 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

/s/ Bronwyn L. Roberts
Bronwyn L. Roberts

DM2\7989848.1